# EXHIBIT A

**ORIGINAL**

Dept. # 6 Assigned Berle

1  DOUGLAS HAN (SBN 232858)
2  SHUNT TATAVOS-GHARAJEH (SBN 272164)
   DANIEL J. PARK (SBN 274973)
3  ARSINE GRIGORYN (SBN 319517)
   **JUSTICE LAW CORPORATION**
4  411 North Central Avenue, Suite 500
   Glendale, California 91203
5  Tel: (818) 230-7502
6  Fax: (818) 230-7259

7  *Attorneys for* Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

JUL 06 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ Deputy
Britny Smith

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF LOS ANGELES**

10

11  GEORGETA BELDIMAN, individually, and       Case No.:
12  on behalf of other members of the general    **BC 712876**
    public similarly situated;
13                                              **CLASS ACTION COMPLAINT FOR**
            Plaintiff,                          **DAMAGES**
14
15          vs.                                 (1)  Violation of California Labor Code
                                                     §§ 510 and 1198 (Unpaid
16  UNIVERSAL HOSPITAL SERVICES, INC.,               Overtime);
    a Delaware Company; and DOES 1 through     (2)  Violation of California Labor Code
17  100, inclusive;                                  §§ 226.7 and 512(a) (Unpaid Meal
                                                     Period Premiums);
18          Defendants.                         (3)  Violation of California Labor Code
                                                     § 226.7 (Unpaid Rest Period
19                                                   Premiums);
20                                             (4)  Violation of California Labor Code
                                                     §§ 1194, 1197, and 1197.1 (Unpaid
21                                                   Minimum Wages);
22                                             (5)  Violation of California Labor Code
                                                     §§ 201 and 202 (Final Wages Not
23                                                   Timely Paid);
                                               (6)  Violation of California Labor Code
24                                                   § 226(a) (Non-Compliant Wage
                                                     Statements);
25                                             (7)  Violation of California Business &
                                                     Professions Code §§ 17200, *et seq.*
26
                                               **DEMAND FOR JURY TRIAL**
27

28

CLASS ACTION COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff GEORGETA BELDIMAN ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

### JURISDICTION AND VENUE

1.      This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of Los Angeles. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Los Angeles.

/ / /

/ / /

/ / /

**PARTIES**

5.    Plaintiff GEORGETA BELDIMAN is an individual residing in the State of California.

6.    Defendant UNIVERSAL HOSPITAL SERVICES, INC. at all times herein mentioned, was and is, upon information and belief, a Delaware company, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7.    At all relevant times, Defendant UNIVERSAL HOSPITAL SERVICES, INC. was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

8.    At all times herein relevant, Defendants UNIVERSAL HOSPITAL SERVICES, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.    Defendant UNIVERSAL HOSPITAL SERVICES, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

1    11.    Plaintiff further alleges that Defendants, directly or indirectly controlled or

2    affected the working conditions, wages, working hours, and conditions of employment of

3    Plaintiff and the other class members so as to make each of said Defendants employers and

4    employers liable under the statutory provisions set forth herein.

5    **CLASS ACTION ALLEGATIONS**

6    12.    Plaintiff brings this action on her own behalf and on behalf of all other members

7    of the general public similarly situated, and, thus, seeks class certification under California

8    Code of Civil Procedure section 382.

9    13.    The proposed class is defined as follows:

10    All current and former hourly-paid or non-exempt employees who worked for

11    any of the Defendants within the State of California at any time during the

12    period from four years preceding the filing of this Complaint to final judgment.

13    14.    Plaintiff reserves the right to establish subclasses as appropriate.

14    15.    The class is ascertainable and there is a well-defined community of interest in

15    the litigation:

16    a.    Numerosity: The class members are so numerous that joinder of all class

17    members is impracticable. The membership of the entire class is

18    unknown to Plaintiff at this time; however, the class is estimated to be

19    greater than fifty (50) individuals and the identity of such membership is

20    readily ascertainable by inspection of Defendants' employment records.

21    b.    Typicality: Plaintiff's claims are typical of all other class members' as

22    demonstrated herein.  Plaintiff will fairly and adequately protect the

23    interests of the other class members with whom she has a well-defined

24    community of interest.

25    / / /

26    / / /

27    / / /

28

4

c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.   Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES

16.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

  a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

  b. Whether Defendants' had a pattern and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

  c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

  d. Whether Defendants properly calculated the regular rate for Plaintiff and the other class members to worked overtime and earned incentive pay;

  e. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

  f. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

  g. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

  h. Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

  i. Whether Defendants' conduct was willful or reckless;

  j. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

k.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

l.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17.  At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

18.  Plaintiff commenced her employment as an hourly-paid, non-exempt employee for Defendants in the State of California on or about January 2017 and ended her employment in November 2017.

19.  Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

20.  Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

21.  Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.  Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.  Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24.  Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

/ / /

/ / /

/ / /

25.      Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California, involving, *inter alia*, failing to pay them for all regular and/or overtime wages earned, missed meal periods and rest breaks in violation of California law.

26.      Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

27.      Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

28.      Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

29.      Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

35. During the relevant times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

CLASS ACTION COMPLAINT FOR DAMAGES

36.     During the relevant times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

37.     During the relevant times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

38.     During the relevant times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

39.     During the relevant times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

40.     During the relevant times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

41.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against UNIVERSAL HOSPITAL SERVICES, INC. and DOES 1 through 100)

42.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 41, and each and every part thereof with the same force and effect as though fully set forth herein.

43.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES

44.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

45.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

46.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

47.    During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

48.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

49.    Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

50.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

/ / /

/ / /

/ / /

11

CLASS ACTION COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against UNIVERSAL HOSPITAL SERVICES, INC. and DOES 1 through 100)**

51.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

52.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

53.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

54.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

55.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

/ / /

/ / /

/ / /

56.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

57.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

58.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

59.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

60.     Defendants' conduct violates applicable !WC Wage Order and California Labor Code sections 226.7 and 512(a).

61.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION

#### (Violation of California Labor Code § 226.7)

#### (Against UNIVERSAL HOSPITAL SERVICES, INC. and DOES 1 through 100)

62.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 61, and each and every part thereof with the same force and effect as though fully set forth herein.

63.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

64.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

65.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

66.     During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

67.     During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

68.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

///

14

69. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194, 1197, and 1197.1)

### (Against UNIVERSAL HOSPITAL SERVICES, INC. and DOES 1 through 100)

70. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 70, and each and every part thereof with the same force and effect as though fully set forth herein.

71. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

72. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

73. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

74. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

/ / /

75.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against UNIVERSAL HOSPITAL SERVICES, INC. and DOES 1 through 100)

76.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

77.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

78.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

79.    Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

80.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES

81.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

**(Violation of California Labor Code § 226(a))**

**(Against UNIVERSAL HOSPITAL SERVICES, INC.**

**and DOES 1 through 100)**

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 82, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

84.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

17

85.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

86.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

87.    Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

88.    Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, *et seq.*)

### (Against UNIVERSAL HOSPITAL SERVICES, INC.

### and DOES 1 through 100)

89.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

90.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.    Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

91.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

/ / /

18

92.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, and 202. Defendants also violated California Labor Code sections 226(a), 2800 and 2802.

93.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

94.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

95.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

/ / /

/ / /

/ / /

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

///

CLASS ACTION COMPLAINT FOR DAMAGES

11.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7(b);

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.     For reasonable attorneys' fees and costs of suit incurred herein; and

16.     For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(b);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

///

21

24.    For general unpaid wages and such general and special damages as may be appropriate;

25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

29.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

32.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.    For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

35.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

36. For actual, consequential and incidental losses and damages, according to proof;

37. For statutory penalties pursuant to California Labor Code section 226(e);

38. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

39. For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

40. That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, and 202.

41. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

42. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

43. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

44. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

45. For such other and further relief as the Court may deem just and proper.

Dated: July 6, 2018

**JUSTICE LAW CORPORATION**

By:

Douglas Han
*Attorneys for* Plaintiff

**OR...GINAL**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Douglas Han (SBN 232858)<br>JUSTICE LAW CORPORATION<br>411 N. Central Avenue, Suite 500<br>Glendale, California 91203<br>TELEPHONE NO.: 818-230-7502   FAX NO.: 818-230-7259<br>ATTORNEY FOR (Name): Plaintiff Georgeta Beldiman | FOR COURT USE ONLY |

**FILED**
Superior Court of California
County of Los Angeles

**JUL 06 2018**

Sherri R. Carter, Executive Officer/Clerk of Court

By _Britly Smith_ Deputy
Britny Smith

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 11 N. Hill Street
MAILING ADDRESS: 111 N. Hill St
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Beldiman v. Universal Hospital Services, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **BC 712876** |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**BY FAX**

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Seven (7)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 6, 2018

Douglas Han
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

07/09/2018

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　　Damage/Wrongful Death
Uninsured Motorist (46) (*if the
　　case involves an uninsured
　　motorist claim subject to
　　arbitration, check this item
　　instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
　　Asbestos Property Damage
　　Asbestos Personal Injury/
　　　Wrongful Death
Product Liability (*not asbestos or
　　toxic/environmental*) (24)
Medical Malpractice (45)
　　Medical Malpractice–
　　　Physicians & Surgeons
　　Other Professional Health Care
　　　Malpractice
Other PI/PD/WD (23)
　　Premises Liability (e.g., slip
　　　and fall)
　　Intentional Bodily Injury/PD/WD
　　　(e.g., assault, vandalism)
　　Intentional Infliction of
　　　Emotional Distress
　　Negligent Infliction of
　　　Emotional Distress
　　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　　Practice (07)
Civil Rights (e.g., discrimination,
　　false arrest) (*not civil
　　harassment*) (08)
Defamation (e.g., slander, libel)
　　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice
　　　(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　　Breach of Rental/Lease
　　　Contract (*not unlawful detainer
　　　or wrongful eviction*)
　　Contract/Warranty Breach–Seller
　　　Plaintiff (*not fraud or negligence*)
　　Negligent Breach of Contract/
　　　Warranty
　　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　　book accounts) (09)
　　Collection Case–Seller Plaintiff
　　Other Promissory Note/Collections
　　　Case
Insurance Coverage (*not provisionally
　　complex*) (18)
　　Auto Subrogation
　　Other Coverage
Other Contract (37)
　　Contractual Fraud
　　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
　　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　　Writ of Possession of Real Property
　　Mortgage Foreclosure
　　Quiet Title
　　Other Real Property (*not eminent
　　domain, landlord/tenant, or
　　foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
　　drugs, check this item; otherwise,
　　report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　　Writ–Administrative Mandamus
　　Writ–Mandamus on Limited Court
　　　Case Matter
　　Writ–Other Limited Court Case
　　　Review
Other Judicial Review (39)
　　Review of Health Officer Order
　　Notice of Appeal–Labor
　　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　　(*arising from provisionally complex
　　case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　　Abstract of Judgment (Out of
　　　County)
　　Confession of Judgment (*non-
　　　domestic relations*)
　　Sister State Judgment
　　Administrative Agency Award
　　　(*not unpaid taxes*)
　　Petition/Certification of Entry of
　　　Judgment on Unpaid Taxes
　　Other Enforcement of Judgment
　　　Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
　　above*) (42)
　　Declaratory Relief Only
　　Injunctive Relief Only (*non-
　　　harassment*)
　　Mechanics Lien
　　Other Commercial Complaint
　　　Case (*non-tort/non-complex*)
　　Other Civil Complaint
　　　(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
　　Governance (21)
Other Petition (*not specified
　　above*) (43)
　　Civil Harassment
　　Workplace Violence
　　Elder/Dependent Adult
　　　Abuse
　　Election Contest
　　Petition for Name Change
　　Petition for Relief From Late
　　　Claim
　　Other Civil Petition

CM-010 [Rev. July 1, 2007]　　　　　　　　**CIVIL CASE COVER SHEET**　　　　　　　　**Page 2 of 2**

**ORIGINAL**

| SHORT TITLE: Beldiman v. Universal Hospital Services, Inc. | CASE NUMBER BC 712876 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**BY FAX**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Beldiman v. Universal Hospital Services, Inc. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Beldiman v. Universal Hospital Services, Inc. | CASE NUMBER |
| --- | --- |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Beldiman v. Universal Hospital Services, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:  ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _____July 6, 2018_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.